United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-30018
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

GREGORY JAMES CATON,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:04-CR-20075-ALL
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

      Gregory James Caton appeals the sentence imposed following

his guilty plea conviction of mail fraud and introduction of

unapproved new drugs into interstate commerce, in violation of

18 U.S.C. § 341 and 21 U.S.C. §§ 331(d), 355(a) and 333(a)(2).

Caton argues that his sentence violates United States v. Booker,

543 U.S. 220 (2005), because the district court sentenced him

based on facts neither admitted by Caton nor found by a jury and

the district court sentenced him under the pre-Booker, mandatory

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines.

The lack of an objection in the district court on these issues requires this court to review his arguments for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005); United States v. Martinez-Lugo, 411 F.3d 597, 600-01 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005). In Caton's case there was clear or obvious Booker error because the district court imposed a sentence based on judge-found facts that were neither admitted by Caton nor found by a jury. See Mares, 402 F.3d at 520. However, Caton cannot establish that this error affected his substantial rights. To meet this prong of the plain error test, "the error must have affected the outcome of the district court proceedings." Id. at 521.

To demonstrate that the error affected his substantial rights, Caton argues that the district court attempted to be lenient in determining his sentence and states that the district court imposed the minimum Guidelines sentence. However, imposition of a sentence at the low end of the Guidelines range is not sufficient to demonstrate that a lower sentence would have been imposed if the Guidelines had been advisory rather than mandatory. United States v. Bringier, 405 F.3d 310, 318 n.4 (5th Cir. 2005), cert. denied, 126 S. Ct. 264 (2005). Caton also relies upon various comments made by the district court. The

district court's comments, when read in context, do not indicate displeasure with the pre-<u>Booker</u> Guidelines scheme.

Moreover, the district court stated that the Guidelines calculations it was using were set forth in the presentence report, which the district court found reasonably addressed the criminal conduct in question. There is no evidence in the record which suggests that the district court felt constrained by the Guidelines and that if the judge had sentenced Caton under an advisory sentencing regime rather than a mandatory one, Caton would have received a lesser sentence. Caton has therefore failed to establish that the judicial findings of fact upon which his sentence is based is plain error under <u>Booker</u>. <u>See</u> <u>United States v. Infante</u>, 404 F.3d 376, 395 (5th Cir. 2005). Caton has likewise failed to establish that the district court committed plain error when it sentenced him under the pre-<u>Booker</u>, mandatory Guidelines. <u>Martinez-Lugo</u>, 411 F.3d at 600-01. Finally, this court has rejected the argument made by Caton that the error in applying the Guidelines as mandatory is a structural error that should be presumed prejudicial. <u>Id.</u> at 601 (neither <u>Booker</u> error nor <u>Fanfan</u> error is structural).

For the foregoing reasons the judgment of the district court is AFFIRMED.